# Supreme Court of Florida

_____

No. SC2024-1044

_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF CRIMINAL PROCEDURE – 2024 LEGISLATION.**

August 29, 2024

PER CURIAM.

In response to recent legislation, The Florida Bar's Criminal Procedure Rules Committee has filed a "fast-track" report proposing amendments to Florida Rule of Criminal Procedure 3.220 (Discovery).[1] The Executive Committee of The Florida Bar's Board of Governors unanimously approved the Committee's proposal. The Committee did not publish its proposal before filing it with the Court.

After considering the Committee's proposal and the relevant legislation, we amend the Florida Rules of Criminal Procedure as

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(e).

proposed by the Committee. The more significant revisions are discussed below.

We amend rule 3.220(b)(1) to include property and material that "constitutes generated child pornography" to the list of discovery materials that cannot "be copied, photographed, duplicated, or otherwise reproduced." This change is consistent with the recent adoption of section 827.072, Florida Statutes (2024), and related amendments to section 92.561, Florida Statutes (2023), both of which went into effect July 1, 2024. *See* ch. 2024-118, §§ 2-4, Laws of Fla.

Accordingly, the Florida Rules of Criminal Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately. Because the amendments were not published for comment prior to their adoption, interested persons shall have 75 days from the date of this opinion in which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before November 12, 2024, with a certificate of service verifying that a copy

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Hon. Laura E. Ward, Chair, Criminal Procedure Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

---

has been served on the Committee Chair, Honorable Laura E. Ward, Thirteenth Judicial Circuit, 800 East Twiggs Street, Suite 526, Tampa, Florida 33602, wardle@fljud13.org, and on the Bar Staff Liaison to the Committee, Michael Hodges, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, rules@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until December 3, 2024, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

# APPENDIX

## RULE 3.220.  DISCOVERY

**(a)  Notice of Discovery.** After the filing of the charging document, a defendant may elect to participate in the discovery process provided by these rules, including the taking of discovery depositions, by filing with the court and serving on the prosecuting attorney a "Notice of Discovery" which ~~shall~~ bind~~s~~ both the prosecution and defendant to all discovery procedures contained in these rules. Participation by a defendant in the discovery process, including the taking of any deposition by a defendant or the filing of a public records request under chapter 119, Florida Statutes, for law enforcement records relating to the defendant's pending prosecution, which are nonexempt as a result of a codefendant's participation in discovery, ~~shall be~~is an election to participate in discovery and triggers a reciprocal discovery obligation for the defendant. If any defendant knowingly or purposely shares in discovery obtained by a codefendant, the defendant ~~shall be~~is deemed to have elected to participate in discovery.

**(b)  Prosecutor's Discovery Obligation.**

(1)  Within 15 days after service of the Notice of Discovery, the prosecutor ~~shall~~must serve a written Discovery Exhibit which ~~shall~~must disclose to the defendant and permit the defendant to inspect, copy, test, and photograph the following information and material within the state's possession or control, except that any property or material that portrays sexual performance by a child, constitutes generated child pornography, or constitutes child pornography may not be copied, photographed, duplicated, or otherwise reproduced so long as the state attorney makes the property or material reasonably available to the defendant or the defendant's attorney:

(A)  a list of the names and addresses of all persons known to the prosecutor to have information that may be relevant to any offense charged or any defense thereto, or to any similar fact evidence to be presented at trial under section

90.404(2), Florida Statutes. The names and addresses of persons listed ~~shall~~<u>must</u> be clearly designated in the following categories:

(i)     Category A. These witnesses ~~shall~~<u>must</u> include (1) eye witnesses, (2) alibi witnesses and rebuttal to alibi witnesses, (3) witnesses who were present when a recorded or unrecorded statement was taken from or made by a defendant or codefendant, which ~~shall~~<u>must</u> be separately identified within this category, (4) investigating officers, (5) witnesses known by the prosecutor to have any material information that tends to negate the guilt of the defendant as to any offense charged, (6) child hearsay witnesses, (7) expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify, and (8) informant witnesses, whether in custody, who offer testimony concerning the statements of a defendant about the issues for which the defendant is being tried.

(ii) – (iii)    [No Change]

(B)    the statement of any person whose name is furnished in compliance with the preceding subdivision. The term "statement" as used herein includes a written statement made by the person and signed or otherwise adopted or approved by the person and also includes any statement of any kind or manner made by the person and written or recorded or summarized in any writing or recording. The term "statement" is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case, but ~~shall~~<u>must</u> not include the notes from which those reports are compiled;

(C) – (L)    [No Change]

(M)    whether the state has any material or information that has been provided by an informant witness, including:

(i) – (iv)    [No Change]

(v)     the informant witness's prior history of cooperation, in return for any benefit, as known to the prosecutor.

(2) – (3)     [No Change]

(4)     As soon as practicable after the filing of the charging document the prosecutor ~~shall~~must disclose to the defendant any material information within the state's possession or control that tends to negate the guilt of the defendant as to any offense charged, regardless of whether the defendant has incurred reciprocal discovery obligations.

**(c)     Disclosure to Prosecution.**

(1)     [No Change]

(2)     If the personal appearance of a defendant is required for the foregoing purposes, reasonable notice of the time and location of the appearance ~~shall~~must be given by the prosecuting attorney to the defendant and his or her counsel. Provisions may be made for appearances for such purposes in an order admitting a defendant to bail or providing for pretrial release.

**(d)     Defendant's Obligation.**

(1)     If a defendant elects to participate in discovery, either through filing the appropriate notice or by participating in any discovery process, including the taking of a discovery deposition, the following disclosures ~~shall~~must be made:

(A)     Within 15 days after receipt by the defendant of the Discovery Exhibit furnished by the prosecutor ~~pursuant to~~under subdivision (b)(1)(A) of this rule, the defendant ~~shall~~must furnish to the prosecutor a written list of the names and addresses of all witnesses whom the defendant expects to call as witnesses at the trial or hearing. When the prosecutor subpoenas a witness whose name has been furnished by the defendant, except for trial subpoenas, the rules applicable to the taking of depositions ~~shall~~ apply.

(B)   Within 15 days after receipt of the prosecutor's Discovery Exhibit the defendant ~~shall~~must serve a written Discovery Exhibit which ~~shall~~must disclose to and permit the prosecutor to inspect, copy, test, and photograph the following information and material that is in the defendant's possession or control:

(i) - (iii)    [No Change]

(2)   The prosecutor and the defendant ~~shall~~must perform their obligations under this rule in a manner mutually agreeable or as ordered by the court.

(3)   [No Change]

**(e)   Restricting Disclosure.** The court on its own initiative or on motion of counsel ~~shall~~must deny or partially restrict disclosures authorized by this rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from the disclosure, that outweighs any usefulness of the disclosure to either party.

**(f)**   [No Change]

**(g)   Matters Not Subject to Disclosure.**

(1)   *Work Product.* Disclosure ~~shall~~must not be required of legal research or of records, correspondence, reports, or memoranda to the extent that they contain the opinions, theories, or conclusions of the prosecuting or defense attorney or members of their legal staffs.

(2)   *Informants.* Disclosure of a confidential informant ~~shall~~must not be required unless the confidential informant is to be produced at a hearing or trial or a failure to disclose the informant's identity will infringe the constitutional rights of the defendant.

**(h)   Discovery Depositions.**

(1)    *Generally.* At any time after the filing of the charging document, any party may take the deposition ~~up~~on oral examination of any person authorized by this rule. A party taking a deposition ~~shall~~must give reasonable written notice to each other party and ~~shall~~ make a good faith effort to coordinate the date, time, and location of the deposition to accommodate the schedules of other parties and the witness to be deposed. The notice ~~shall~~must state the time and the location where the deposition is to be taken, the name of each person to be examined, and a certificate of counsel that a good faith effort was made to coordinate the deposition schedule. Unless a provision of this rule conflicts with the Florida Rules of Civil Procedure, the procedure for taking the deposition, including the scope of the examination, and the issuance of a subpoena for deposition by an attorney of record in the action, ~~shall be~~is the same as that provided in the Florida Rules of Civil Procedure and section 48.031, Florida Statutes. To protect deponents and the rights of the parties and to ensure compliance with statutes, the court may enter orders, including but not limited to the orders allowed by rule 3.220(e) and (*l*), ~~up~~on motion of a party, the deponent, or on its own motion, for good cause shown. Any deposition taken ~~pursuant to~~under this rule may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness. The trial court or the clerk of the court may, ~~up~~on application by a pro se litigant or the attorney for any party, issue subpoenas for the persons whose depositions are to be taken. In any case, including multiple defendants or consolidated cases, no person ~~shall~~may be deposed more than once except by consent of the parties or by order of the court issued on good cause shown. A witness who refuses to obey a duly served subpoena may be adjudged in contempt of the court from which the subpoena issued.

(A) – (B)    [No Change]

(C)    A witness listed by the prosecutor as a Category C witness ~~shall not be~~is not subject to deposition unless the court determines that the witness should be listed in another category.

(D)    No deposition ~~shall~~may be taken in a case in which the defendant is charged only with a misdemeanor or a criminal traffic offense when all other discovery provided by this rule has been complied with unless good cause can be shown to the trial court. In determining whether to allow a deposition, the court should consider the consequences to the defendant, the complexity of the issues involved, the complexity of the witness's testimony (e.g., experts), and the other opportunities available to the defendant to discover the information sought by deposition. However, this prohibition against the taking of depositions ~~shall not be applicable~~does not apply if following the furnishing of discovery by the defendant the state then takes the statement of a listed defense witness ~~pursuant to~~under section 27.04, Florida Statutes.

(2)    *Transcripts.* No transcript of a deposition for which the state may be obligated to expend funds ~~shall~~may be ordered by a party unless it is in compliance with general law.

(3) – (4)    [No Change]

(5)    *Depositions of Law Enforcement Officers.* Subject to the general provisions of subdivision (h)(1), law enforcement officers ~~shall~~must appear for deposition, without subpoena, ~~up~~on written notice of taking deposition delivered at the physical address of the law enforcement agency or department, or an e-mail or other address designated by the law enforcement agency or department, 5 days ~~prior to~~before the date of the deposition. Any physical address or e-mail address designated by a law enforcement agency or department for service of notice of deposition ~~shall~~must be provided by the prosecuting attorney with discovery. Law enforcement officers who fail to appear for deposition after being served notice as required by the rule may be adjudged in contempt of court.

(6)    *Witness Coordinating Office/Notice of Taking Deposition.* If a witness coordinating office has been established in the jurisdiction ~~pursuant to~~under applicable Florida Statutes, the deposition of any witness should be coordinated through that office. The witness coordinating office should attempt to schedule the depositions of a witness at a time and location convenient for the witness and acceptable to the parties.

(7)     [No Change]

(8)     *Telephonic Statements.* On stipulation of the parties and the consent of the witness, the statement of any witness may be taken by telephone in lieu of the deposition of the witness. In such case, the witness need not be under oath. The statement, however, ~~shall~~must be recorded and may be used for impeachment at trial as a prior inconsistent statement ~~pursuant to~~under the Florida Evidence Code.

**(i)     Investigations Not to Be Impeded.** Except as is otherwise provided as to matters not subject to disclosure or restricted by protective orders, neither the counsel for the parties nor other prosecution or defense personnel ~~shall~~may advise persons having relevant material or information, except the defendant, to refrain from discussing the case with opposing counsel or showing opposing counsel any relevant material, nor ~~shall~~may they otherwise impede opposing counsel's investigation of the case.

**(j)     Continuing Duty to Disclose.** If, subsequent to compliance with the rules, a party discovers additional witnesses or material that the party would have been under a duty to disclose or produce at the time of the previous compliance, the party ~~shall~~must promptly disclose or produce the witnesses or material in the same manner as required under these rules for initial discovery. This duty includes any additional recorded or unrecorded statements of any person disclosed under subdivisions (b)(1)(A) or (d)(1)(A) of this rule that materially alter a written or recorded statement previously provided under these rules.

**(k)**     [No Change]

**(*l*)     Protective Orders.**

(1)     *Motion to Restrict Disclosure of Matters.* On a showing of good cause, the court ~~shall~~must at any time order that specified disclosures be restricted, deferred, or exempted from discovery, that certain matters not be inquired into, that the scope of the deposition be limited to certain matters, that a deposition be sealed and after being sealed be opened only by order of the court,

or make such other order as is appropriate to protect a witness from harassment, unnecessary inconvenience, or invasion of privacy, including prohibiting the taking of a deposition. All material and information to which a party is entitled, however, must be disclosed in time to permit the party to make beneficial use of it.

(2)    *Motion to Terminate or Limit Examination.* At any time during the taking of a deposition, on motion of a party or of the deponent, and ~~up~~on a showing that the examination is being conducted in bad faith or in such manner as to unreasonably annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the circuit court where the deposition is being taken may:

(A) – (D)    [No Change]

(E) order the deposition to be taken in open court; and~~, in addition, may~~

(F)    [No Change]

If the order terminates the deposition, it ~~shall~~may be resumed thereafter only ~~up~~on the order of the court in which the action is pending. ~~Upon~~On demand of any party or deponent, the taking of the deposition ~~shall~~must be suspended for the time necessary to make a motion for an order.

**(m)  In Camera and Ex Parte Proceedings.**

(1)    [No Change]

(2)    ~~Upon~~On request, the court ~~shall~~must allow the defendant to make an ex parte showing of good cause for taking the deposition of a Category B witness.

(3)    A record ~~shall~~must be made of proceedings authorized under this subdivision. If the court enters an order granting relief after an in camera inspection or ex parte showing, the entire record of the proceeding ~~shall~~must be sealed and

- 11 -

preserved and be made available to the appellate court in the event of an appeal.

**(n)** **Sanctions.**

(1)    If, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued ~~pursuant to~~under an applicable discovery rule, the court may order the party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.

(2)    Willful violation by counsel or a party not represented by counsel of an applicable discovery rule, or an order issued ~~pursuant thereto~~under an applicable discovery rule, ~~shall~~ subject<u>s</u> counsel or the unrepresented party to appropriate sanctions by the court. The sanctions may include, but are not limited to, contempt proceedings against the attorney or unrepresented party, as well as the assessment of costs incurred by the opposing party, when appropriate.

(3)    Every request for discovery or response or objection, including a notice of deposition made by a party represented by an attorney, must be signed by at least 1 attorney of record, as defined by Florida Rule of General Practice and Judicial Administration 2.505, in the attorney's individual name, whose address must be stated. A party who is not represented by an attorney must sign the request, response, or objection and list his or her address. The signature of the attorney constitutes a certification that the document complies with Florida Rule of General Practice and ~~of~~ Judicial Administration 2.515. The signature of the attorney or party constitutes a certification that the signer has read the request, response, or objection and that to the best of the signer's knowledge, information, or belief formed after a reasonable inquiry it is:

(A) – (C)    [No Change]

- 12 -

If a request, response, or objection is not signed, it must be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection, and a party may not be obligated to take any action with respect to it until it is signed.

If a certification is made in violation of this rule, the court, on motion or on its own initiative, must impose on the person who made the certification, the firm or agency with which the person is affiliated, the party on whose behalf the request, response, or objection is made, or any or all of the above an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

**(*o*)** **Pretrial Conference.**

(1)    [No Change]

(2)    The court may set, and ~~upon~~ the request of any party must set, a discovery schedule, including a discovery cut-off date, at the pretrial conference.

**Committee Notes**

[No Change]

**Court Commentary**

[No Change]
